UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NOVIA S. WEBSTER-COLQUHOUN )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ROBERT R. COLQUHOUN, )<br>)<br>Respondent, )<br>) | Case No. 7:21-cv-07101 |

## VOLUNTARY RETURN ORDER

This Voluntary Return Order is made pursuant to the 1980 Convention on the Civil Aspects of International Child Abduction (the "Hague Convention"), and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. 9001 et seq., and with the express consent and agreement of all parties, and with both parties having expressly submitted to the personal jurisdiction of this Court, as evidenced by the signatures of the parties.

It is therefore this 3rd (RM) R-C day of November 2021, by the United States District Court for the Southern District of New York, hereby ORDERED:

1. That by agreement of the parties, A.C., born in 2012 (the "minor child"), shall return to Jamaica on or before (RM) R-C November 21, 2021, subject to the following undertakings:

    a. The by agreement of the parties, the Respondent, Robert R. Colquhoun (the "Father") shall bring the minor child to the airport and accompany her during her flight from New York to Jamaica.

*R.C*

1

  b. That by agreement of the parties, the Father shall cover all costs associated with the Child's travel to Jamaica, including the airline tickets for himself and the minor child.

  c. That by agreement of the parties, in preparation to fly with the Child to Jamaica, the Father will investigate and comply with the covid testing requirements imposed by the airline and U.S. and Jamaican government regulations. In the event that the Child's travel to Jamaica on November 21, 2021 is affected by the COVID-19 pandemic or other related travel restrictions and/or regulations, the parties shall use all reasonable efforts to comply with the terms of this travel as expeditiously as possible. The Father shall also make every reasonable effort to comply with all COVID-19 travel requirements and communicate those requirements to the other party as necessary. If the Child does not travel due to the Father's failure to abide by reasonable travel guidelines related to COVID-19, that will be considered a violation of this agreement. *(KM) RC*

  d. That by agreement of the parties, upon his and the minor child's arrival to the airport in Jamaica, the Father shall surrender the minor child to Ms. Webster.

2.  By agreement of the parties, upon the return of the minor child to Jamaica, the Mother shall file a notice in this Court that the minor child has been returned.

3.  The parties agree that the minor child's habitual residence as defined by the Hague Convention on the Civil Aspects of International Child Abduction ("Hague Convention") and the home state as defined by the Uniform Child Custody and Jurisdiction and Enforcement Act ("UCCJEA") as of the date of this agreement is Jamaica. As such, all future custody/visitation

or other issues pertaining to the minor child shall be determined by the courts in Jamaica, where there are ongoing proceedings.

4. That by agreement of the parties, this Order is not a determination of the merits of any custody issues within the meaning of Article 19 of the Hague Convention.

5. This Voluntary Return Order is made under the authority of 22 U.S.C. 9003(a), conferring original jurisdiction upon this Court, and under the authority of the 1980 Hague Convention.

IT IS SO ORDERED:

_____
Kenneth M. Karas
United States District Judge

__10/3/21_____
Date

APPROVED AS TO
FORM AND CONTENT:

_____
Richard Min
Attorney for Petitioner

_____
Robert R. Colquhoun
Respondent